IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-CV-01397-WDM-MJW

ARDBLAIR SPORTS IMPORTERS LIMITED, a Scottish Limited Liability Company,

Plaintiff,

v.

GOLITE, LLC, a Colorado Limited Liability Company,

Defendant.

## STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c)(7) of the Federal Rules of Civil Procedure, and for good cause shown, the Court hereby orders that the following procedures are to be employed in Civil Action No. 07-CV-01397-WDM-MJW to prevent disclosure or improper use of confidential information

1. PURPOSES AND LIMITATIONS.

Discovery in this action will involve production of confidential, proprietary, or private information which, if disclosed, would cause substantial economic harm to the Parties. This Protective Order is designed to minimize the disclosure of sensitive and confidential commercial and proprietary information. This Protective Order does not confer blanket protections on all disclosures or responses to discovery and the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

2. **DEFINITIONS.**

    2.1    <u>Confidential Information</u>: information (regardless of how generated, stored or maintained) or tangible things that constitute trade secrets or other confidential research, proprietary information, and sensitive commercial information, including but not limited to interrogatory responses and deposition testimony.

    2.2    <u>Designating Party</u>: a Party that designates information or items that are produced in disclosures, in responses to discovery as "Confidential" or "Highly Confidential - Attorneys' Eyes Only."

    2.3    <u>Disclosure or Discovery Material</u>: all items of information, regardless of the medium generated, stored, or maintained, that are produced or generated in disclosures or in responses to discovery requests in this matter.

    2.4    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

    2.5    <u>Highly Confidential – Attorney's Eyes Only Information</u>: extremely sensitive "Confidential Information" the disclosure of which to another Party would create a substantial risk of serious injury that could not be avoided by less restrictive means, including those things of a proprietary business or technical nature that might be of value to a competitor or potential customer or vendor of the Party, and must be protected from disclosure to the opposing Party.

    2.6    <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, and agents.

    2.7    <u>Reviewing Party</u>: any Party who receives Protected Materials.

2.8   Report: A written statement by an Expert retained by a Party as more fully described in Fed. R. Civ. P. 26(a)(2)(B)(I).

2.9   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

2.10   Protected Material: any Disclosure or Discovery Material that is designated as either "Confidential" or as "Highly Confidential – Attorneys' Eyes Only," which includes all information or items within the scope of this Order as defined below in Paragraph 3.

3.   SCOPE.

The protections conferred by this Protective Order cover not only the Protected Material itself (as discussed above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, reports or compilations thereof, plus testimony, conversations, or presentations by a Party or Counsel to or in court or in other settings that might reveal Protected Material.

4.   DESIGNATION OF PROTECTED MATERIAL.

Any Person who produces, gives, serves, files, or otherwise provides "Confidential" or "Highly Confidential-Attorney's Eyes Only" may designate such information as such under the terms of this Protective Order if it meets the definition stated in Paragraphs 2.1 and 2.5. Depositions may be designated as such by a statement on the record at any time during the deposition, or by written notice from the Producing Party before or after the deposition.

4.1   Designation of "Confidential" Material: As a general guideline, information or materials designated as "Confidential" shall be those things that may be produced to the Parties

for the purposes of the litigation, but which must be protected against disclosure to third parties. Absent a specific order by this Court, once designated as "Confidential," such designated information shall be used by the Parties solely in connection with this litigation, and not for any business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided hereby.

4.2     Designation of "Highly Confidential – Attorney's Eyes Only" Material: As a further general guideline, information or materials designated as "Highly Confidential-Attorney's Eyes Only" shall be those things of a proprietary business or technical nature that might be of value to a competitor or potential customer or vendor of the Party holding the proprietary rights thereto, and must be protected from disclosure to the Parties.

5.      DISCLOSURE OF DESIGNATED MATERIAL.

5.1     Disclosure of Confidential Information – Except as otherwise provided by this Protective Order, information designated as "Confidential," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to:

a.      Outside counsel of record for a Party in this action, and their clerical, paralegal, other staff, and Professional Vendors they retain;

b.      officers, directors, or employees of a Reviewing Party whose assistance is needed by counsel for the purposes of this litigation provided that such persons agree to be bound by this Protective Order by signing a copy of the acknowledgment form attached hereto as Exhibit A;

c.      the Court, any fact-finder including a jury, appellate court, and Court personnel (in the manner provided herein);

      d.      any other person as to whom the Designating Party agrees in writing;

      e.      court reporters employed in connection with this action;

      f.      any Expert retained by and providing analysis to the Parties, who has been approved for access to information or materials pursuant to Section 7, provided that such persons agree to be bound by this Protective Order by signing a copy of the acknowledgment form attached hereto as Exhibit A.

    5.2    <u>Disclosure of "Highly Confidential – Attorney's Eyes Only" Information</u> – Except as otherwise provided by this Protective Order, information designated as "Highly Confidential-Attorney's Eyes Only" shall only be disclosed to the persons in Paragraphs 5.1(a) and 5.1(c) through 5.1(f). Information designated as "Highly Confidential-Attorney's Eyes Only" SHALL NOT BE DISCLOSED TO PERSONS LISTED IN PARAGRAPH 5.1(b), despite the person's inclusion in category 5.1(a) and / or 5.1 (c) through 5.1(f). Furthermore, anyone who has access to information designated as "Highly Confidential-Attorney's Eyes Only," including outside counsel of record for a Party in this action, and their clerical, paralegal, other staff and Professional Venders, will not discuss, reveal or disclose information designated as "Highly Confidential-Attorney's Eyes Only" to any Reviewing Party.

6.    <u>HANDLING OF PROTECTED MATERIAL</u>.

The Parties shall store all Protected Material, and all copies and/or summaries of the Protected Material, in a safe location so as to prevent its disclosure except pursuant to the terms of this Protective Order.

7.  **EXPERT REVIEW AND REPORT.**

7.1   Any Reviewing Party intending to give an Expert access to Protected Materials shall determine that the proposed Expert has no previous or expected future association, employment or friendship with a competitor of the Designating Party.

7.2   Any Reviewing Party intending to give an Expert access to Protected Materials shall require that the Expert first execute the Acknowledgement attached as Exhibit A.

7.3   Protected Materials received from a Designating Party will not be disclosed to a Reviewing Party's Expert until the conditions of 7.1 and 7.2 have been satisfied.

7.4   Any Report that discusses, describes, attaches, or discloses in any way the substance of any Confidential Material shall be designated as "Confidential" or "Highly confidential-Attorney's Eyes Only" depending on the designation of the information disclosed.

8.  **USE OF PROTECTED MATERIAL.**

Disclosed Protected Material shall not be used for any purpose, or in any way that is unrelated to the conduct of discovery, presentation of relevant evidence or relevant arguments in this action.

9.  **INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL.**

Nothing in this Protective Order shall require production of information which any Party contends is protected from disclosure by the attorney-client privilege or the work product immunity. If information subject to a claim of attorney-client privilege or work product immunity is nevertheless inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work product immunity for such information. If any Party has inadvertently produced information subject to a

claim of immunity or privilege, any Party receiving the information shall promptly return the information upon its discovery of the inadvertent production, or when a claim of inadvertent production is made. If a Party disagrees with a claim of inadvertent production, the Party, after retuning such information, may then move the Court for an Order compelling production of such information, but the motion shall not assert as a ground for production the fact or circumstances of the inadvertent production, or the substantive information of the inadvertent production.

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.

If any Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Party must immediately (a) notify the other Party in writing of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A.

11. COURT FILINGS.

A Party may not file in the public record in this action any Protected Material without written permission from the Designating Party or pursuant to a Court order secured after appropriate notice to all interested persons. Any Protected Material filed with the Court ~~must be sealed and not available for public viewing~~ shall comply with D.C.Colo.LCivR 7.2 And 7.3. Any excerpts of deposition testimony referring to Protected Material, or information within the Scope of this Order as defined by Paragraph 3 above, must also be filed under seal. Any deposition exhibits containing Protected Material must be maintained and remain under seal and all persons viewing such exhibits or testimony must

execute the "Acknowledgment and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A.

12. TESTIMONY REGARDING PROTECTED MATERIAL.

Testimony, deposition testimony and transcripts of any testimony may also be designated as Protected Material. Moreover, any testimony, deposition testimony or transcripts of any testimony regarding, describing or in any way referring to Protected Material shall be deemed to also be Protected Material of a commensurate class or designation that must be treated in accordance with the terms and conditions of this Order. Only persons qualified to gain access to "Confidential Information" pursuant to Paragraph 5.1 may be present during or listen to discussions or testimony referring to such Confidential Protected Material. Likewise, only persons qualified to gain access to "Highly Confidential – Attorney's Eyes Only" information pursuant to Paragraph 5.2 may be present during or listen to discussions or testimony referring to such Highly Confidential – Attorney's Eyes Only Protected Material. Reviewing Parties may not be present when Experts or any witness testifies regarding "Highly Confidential – Attorney's Eyes Only," and no Expert or attorney may discuss such testimony or information with the Reviewing Parties without written consent from the Designating Party.

Protected Material may be shown as an exhibit during testimony to only those qualified under this order to have access to the Protected Material, and the person who created the material or the Designating Party's designated custodian of records.

13. USE IN COURT.

In the event any information or material designated as "Confidential" or "Highly Confidential – Attorney's Eyes Only" hereunder is used in any Court proceeding in this action or

any appeal therefrom, such information or material shall not lose its status as "Confidential" or "Highly Confidential – Attorney's Eyes Only" through such use. Further, no Protected Material or other items referring to Protected Material may be submitted, offered, designated or retained in any Court proceeding unless kept under seal. Counsel for the Parties shall confer on such further procedures as are necessary to protect the confidentiality of any documents, information and transcripts used in the course of any Court proceedings, and shall incorporate such procedures, as appropriate. Reviewing Parties may not be present in Court when Experts or any witness testifies regarding "Highly Confidential – Attorney's Eyes Only" absent the Designating Party's written consent.

14.  MODIFICATION.

The provisions of this Protective Order shall govern the use of all Protected Material produced by the Parties. Each of the Parties hereto shall be entitled to seek modification of this Protective Order by application to the Court on notice to the other Parties and/or non-parties hereto for good cause.

15.  ACKNOWLEDGEMENT OF JURISDICTION.

All counsel for the Parties who have access to information or material designated as "Confidential" or "Highly Confidential – Attorney's Eyes Only" under the Protective Order acknowledge they are bound by this Order and submit to the jurisdiction of this Court for purposes of enforcing this Order.

16. <u>DURATION</u>.

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until the Parties agree otherwise in writing or a Court order otherwise directs.

17. <u>DISPOSITION OF PROTECTED MATERIAL FOLLOWING LITIGATION</u>.

Unless otherwise ordered or agreed in writing by a Designating Party, within ten days after either (1) entry of a final judgment in this action and the exhaustion of any and all appeals or the failure to take a timely appeal, or (2) a settlement resolving this action, each Reviewing Party must return all Protected Material, including all copies made thereof, along with all documents revealing the contents of the Protected Material. With written permission from the Designating Party, the Reviewing Party may destroy some or all of the Protected Material instead of returning it.

18. <u>RESOLUTION OF DISPUTES</u>.

Whenever a Party objects to the designation of information, a document, or a transcript as "Confidential" or "Highly Confidential – Attorney's Eyes Only," it shall, in writing so inform the other Party. The Parties shall confer in good faith as to the validity of the designation. If the Parties are unable to reach an agreement as to the designation, the objecting Party may make an appropriate motion [*consistent with D.C. Colo. L.Civ. R. 7.2 And 7.3*] to this Court within ten (10) days after conferring with the opposing Party, with confidential portions thereof to be kept under seal, requesting that the identified information not be afforded treatment under the provisions of this Protective Order. Until the Court enters an Order changing the designation of the Protected Material, it shall be treated as "Confidential" or "Highly Confidential – Attorney's Eyes Only" as designated. If an appropriate motion is not

filed with the Court within ten (10) days after conferring with the opposing Party, as required above, the Protected Material shall thereafter maintain its stated designation.

IT IS SO ORDERED.

DONE this 24th day of September, 2007.

BY THE COURT:

_____
United States Magistrate Judge

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO